UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALFRED WILLIAMS, | : |
|     Plaintiff, | : |
| | : |
| v. | :   Case No. 3:16-CV-01612 (VAB) |
| | : |
| STATE OF CONNECTICUT DEPARTMENT | : |
| OF CORRECTIONS, ET AL., | : |
|     Defendants. | : |

## RULING ON MOTION TO DISMISS

Alfred Williams ("Plaintiff"), brings this action against the Connecticut Department of Corrections ("DOC") and four of its employees: Captain James Shabenas, Lieutenant Herman Corvin, Lieutenant Brian Palmer, and Warden Scott Efie (together "Defendants"). Compl., ECF No. 1. Mr. Williams alleges that Defendants violated Title VII of the Civil Rights Act, as well as 42 U.S.C. §§ 1981, 1983 and 1988, during the course of Mr. Williams' employment with the DOC.

Defendants have moved to dismiss the Complaint under Rule 12(b)(1) based on principles of claim preclusion as well as for failure to state a claim under Rule 12(b)(6). Def. Mot. to Dismiss, ECF No. 17. For the reasons outlined below, Defendants' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

    **I.**    **FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Williams, who is African-American, allegedly began working for the DOC as a corrections officer in 1999. Compl. ¶ 36, ECF No. 1. Lieutenant Corvin and Lieutenant Palmer, Mr. Williams' supervisors during the time of his employment, are white. Captain James Shabenas and Warden Scott Efie, who supervised Defendants Corvin and Palmer during the relevant time period, are also white. During his employment with the DOC, Mr. Williams

alleges that Defendants subjected him to various incidents of discrimination and retaliation. *Id.* at ¶¶ 39-40.

Mr. Williams claims that, beginning in September of 2013, Defendants subjected him to harassment and treated him differently from similarly situated white employees. *Id.* at ¶ 8. On one occasion, Mr. Williams claims that he was transferred to work at a separate correctional institution because of a situation involving a set of missing keys, while Defendants took no such action against white officers who were similarly involved. *Id.* at ¶¶ 9-10. On another occasion, Mr. Williams claims that he was improperly questioned about why he had not changed surveillance tapes, despite Defendants' knowledge that Mr. Williams was not required to change the particular tapes at issue. *Id.* at ¶¶ 11-12. Mr. Williams further alleges that Defendants subjected him to additional requirements that were not required of his co-workers, such as requiring him to sign the DOC log book when he was on duty. *Id.* at ¶¶ 13-14. In addition to these alleged instances of harassment and disparate treatment, Mr. Williams claims that he was denied several promotions despite being more qualified than the individuals who were selected for those promotions, all of whom were white. *Id.* at ¶¶ 16-17.

In 2014, Mr. Williams filed an employment discrimination complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and with the Equal Employment Opportunities Commission ("EEOC") in connection with this conduct. *See* Nov. 2014 EEOC/CHRO Letters, Compl. Ex. 1, ECF No. 1-1. The CHRO released jurisdiction on November 18, 2014, and the EEOC issued a "right to sue" letter on January 29, 2015.[1]

---

[1] Mr. Williams did not attach a copy of this letter to the Complaint in this action; however, Mr. Williams did provide the Court with a copy of this letter in connection with a previous lawsuit, and the parties do not dispute the date of the letter.

On April 28, 2015, before initiating this current action, Mr. Williams filed a complaint in *Williams v. Department of Corrections, et al.,* Case No. 3:15-CV-00627 (VAB) ("Williams I"), a separate lawsuit in this Court consisting of nearly identical allegations against the same Defendants. On August 24, 2016, the Court dismissed the Williams I complaint without prejudice under Rule 12(b)(2) of the Federal Rules of Civil Procedure for failure to make proper service and allowed Mr. Williams 30 days within which to properly serve Defendants, setting a deadline of September 24, 2016. *Id.*, Order, ECF No. 40. Mr. Williams did not serve Defendants within the specified time frame, triggering dismissal for lack of personal jurisdiction under the terms of the Court's order. *Id.* at 13. Williams I was formally closed on June 27, 2017. *Id.*, Order, ECF No. 42.

On October 19, 2016, after failing to comply with the September 24, 2016 service deadline specified in the initial lawsuit, Mr. Williams filed a new Complaint, initiating this lawsuit.[2] The Complaint is based on the same underlying facts as the complaint in the initial lawsuit, it names the same Defendants, and it makes nearly identical legal claims.[3] Defendants now move to dismiss Mr. Williams' new Complaint under Rule 12(b)(1) and Rule 12(b)(6).[4]

---

[2] The Complaint in this action is mislabeled "Amended Complaint," although it is an initial complaint in a separate action.

[3] The complaint in Williams I included several additional claims that are not included in this action: a defamation claim under Connecticut state law; claims under 42 U.S.C. §§ 1985 and 1986; and a claim under the Connecticut Fair Employment Practices Act ("CFEPA"). The Complaint in this action includes one additional claim that was not included in Williams I: a claim under Conn. Gen. Stat. § 52-592, Connecticut's "Accidental Failure of Suit" statute.

[4] Mr. Williams filed an opposition to Defendants' motion to dismiss on November 28, 2016. However, this filing was untimely – under D. Conn. L. Civ. R. 7(a), Mr. Williams' response to Defendants' motion was due by November 9, 2016. Mr. Williams failed to file a response by that date, nor did he file any motion requesting an extension of that deadline. Accordingly, the Court did not consider Mr. Williams' opposition memorandum in deciding this motion to dismiss, and Defendants' pending Motion to Strike Opposition Brief, ECF No. 22, is hereby denied as moot.

## II. STANDARD OF REVIEW

A district court may not entertain a case where it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir.1996)). When reviewing a motion to dismiss under Rule 12(b)(1), "courts must accept as true all material factual allegations in the complaint . . . ." *Shipping Fin. Serv. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). However, the court must refrain "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." *APWU v. Potter,* 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted).

Courts may also dismiss a complaint for failure to state a claim under Fed R. Civ. P. 12(b)(6). When considering a motion to dismiss under this rule, the Court must accept as true all factual allegations in the complaint and draw all possible inferences from those allegations in favor of the plaintiff. *See York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 125 (2d Cir.), *cert. denied*, 537 U.S. 1089 (2002). The proper consideration is not whether the plaintiff ultimately will prevail, but whether the plaintiff has stated a claim upon which relief may be granted such that he should be entitled to offer evidence to support his claim. *See id*. (citation omitted).

In reviewing a complaint under Rule 12(b)(6), the court applies "a 'plausibility standard,'" which is guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the requirement that the Court accept as true the allegations in a complaint "is

4

inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief. *Id.* at 679. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

Defendants argue that the Court lacks subject matter jurisdiction over this matter because this lawsuit is duplicative of a prior lawsuit, justifying dismissal of the Complaint under Rule 12(b)(1). Defendants also argue that the Complaint fails to state a claim under Rule 12(b)(6) for the following reasons: (1) the claims brought under Title VII are untimely because this suit was not initiated within ninety (90) days of receiving a right-to-sue letter from the EEOC; (2) as a private plaintiff, Mr. Williams may not use the "pattern or practice" method of proving his discrimination case under Title VII; (3) 42 U.S.C. § 1981 does not allow a plaintiff to sue individual Defendants in their individual capacities; (4) Mr. Williams improperly seeks to allege a separate cause of action under 42 U.S.C. § 1988; and (5) the Complaint fails to adequately plead prospective injunctive relief and equitable relief under Title VII. Defendants' arguments are examined in further detail below.

#### a. Duplicative Complaint

Defendants seek dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) on the basis this lawsuit is duplicative of the earlier lawsuit Mr. Williams filed against them, Williams I. *See* Def. Mem. in Supp. at 4, ECF No. 17-1 (arguing that dismissal is appropriate because "the duplicative complaint filed in *Williams II* is nothing more than an attempt to avoid

5

the consequences of Plaintiff's failure to comply with the Court's orders in *Williams I*.").
Defendants correctly note that both lawsuits arise out of the exact same factual allegations, rely on nearly identical legal theories, and use much of the same language in advancing Mr. Williams' claims.

According to Defendants, this second lawsuit is prohibited because it is duplicative of a separate lawsuit. The traditional doctrines of claim preclusion and *res judicata* forbid the filing of a separate case about the same facts and claims as a prior lawsuit; however, this doctrine only precludes such filings where the original case was dismissed on the merits. *See Nestor v. Pratt & Whitney*, 466 F.3d 65, 73 (2d Cir. 2006) ("under the doctrine of *res judicata*, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action between the same parties or those in privity with them on the same claim ... or any claim based on the same operative facts that might have been made.'") (internal quotations and marks omitted); *Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 321–22 (S.D.N.Y. 2015) ("In order to assert an affirmative defense of claim preclusion, a party must show that an earlier decision was: (1) a final judgment on the merits made by a court of competent jurisdiction; (2) in a case involving the same parties or their privies; and (3) involving the same cause of action.").

Williams I did not result in a final judgment on the merits, thus *res judicata* does not apply here. Nonetheless, Defendants argue that this case is precluded under the broader principle that duplicative lawsuits should generally be dismissed. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."). "The rule against duplicative litigation is distinct from but related to the doctrine of claim preclusion or *res*

*judicata*… while the doctrine of claim preclusion serves the interest of society and litigants in assuring the finality of judgments, it also fosters judicial economy and protects the parties from vexatious and expensive litigation." *Id*.

The Complaint specifically contends that Conn. Gen. Stat. § 52-592, Connecticut's "Accidental Failure of Suit" statute, provides the requisite jurisdiction in this matter despite the substantial similarity between the two cases filed by Mr. Williams. Compl. ¶ 1, ECF No. 1. Under Conn. Gen. Stat. § 52-592, a plaintiff is permitted to "commence a new action… for the same cause at any time within one year after the determination of the original action" provided that the original action has "failed one or more times to be tried on the merits" due to insufficient service or dismissal for lack of jurisdiction. Conn. Gen. Stat. § 52-592(a). "'Thus, a plaintiff has a one-year window of opportunity to bring a new action for the same cause as a prior action if the prior action failed to be tried on its merits due to a matter of form.'" *Traylor v. Town of Waterford*, No. 3:13-CV-00507 (AWT), 2014 WL 806391, at *7 (D. Conn. Feb. 28, 2014) (quoting *Litvack v. Lehrer*, No. 3:06-CV-767 (WWE), 2007 WL 322506, *3 (D. Conn. Jan. 31, 2007)). This "savings statute only applies if the original claim was dismissed for procedural reasons and not on the merits." *Holt v. KMI-Cont'l, Inc.*, 95 F.3d 123, 131 (2d Cir. 1996) (citing *Legassey v. Shulansky*, 28 Conn. App. 653, 659 (1992)).

Mr. Williams' Complaint does not assert any state law claims. As Conn. Gen. Stat. § 52-592 is a state statute, it does not automatically apply to federal claims. *See Traylor,* 2014 WL 322506 at *7 (concluding that Conn. Gen. Stat. § 52-592 does not apply to plaintiff's claims, noting that, while "the Connecticut Accidental Failure of Suit statute would permit Traylor to bring a new action for the state law claims over which the court declined to exercise supplemental jurisdiction in Traylor I," there were no remaining state law claims in the case that

7

would be governed by this statute). However, federal courts commonly apply Conn. Gen. Stat. § 52-592 to federal claims that borrow the applicable statute of limitations from state law, including claims brought under § 1983. *Williams v. Walsh*, 558 F.2d 667, 674 (2d Cir. 1977) ("[O]nce a federal court borrows a state statute of limitations, it generally should also borrow the related provisions, pertaining to tolling, revival and so forth, as interpreted under state law, unless such an unmodified borrowing would be inconsistent with a strong federal policy underlying the federal cause of action."); *LaCroix v. Bd. of Educ. of City of Bridgeport*, 844 F.2d 88, 89 (2d Cir. 1988) (applying Conn. Gen. Stat. § 52-592 to § 1983 claim because "[t]he limitations period for actions brought under 42 U.S.C. § 1983 is governed by the state statute of limitations applicable to personal injury cases.").

As noted above, the claims asserted in Mr. Williams' Complaint are certainly duplicative of the claims asserted in Williams I. *Curtis*, 226 F.3d at 140 ("[P]laintiffs may not file duplicative complaints in order to expand their legal rights."); *Davis v. Norwalk Econ. Opportunity Now, Inc.*, 534 F. App'x 47, 48 (2d Cir. 2013) (Summary Order) (affirming district court's dismissal of later action against same defendants for same employment actions under different theory). However, unlike Mr. Williams' claims under Title VII, which are governed by a federal statute of limitations, *see* 42 U.S.C. § 2000e-5(f)(1), Mr. Williams' claims under Section 1983 and related statutes borrow the applicable statute of limitations from state law and thus are covered by the provisions of Connecticut's Accidental Failure of Suit statute, *see LaCroix,* 844 F.2d at 89; *Holt,* 95 F.3d at 131. Under this statute, even duplicative claims may proceed where the previous lawsuit was dismissed for procedural reasons and the new lawsuit was initiated within one year of dismissal. Conn. Gen. Stat. § 52-592(a).

The protections of Conn. Gen. Stat. § 52-592(a) apply to Mr. Williams' federal claims under Section 1983 and Section 1981. The Court granted Defendants' motion to dismiss in Williams I based on the lack of personal jurisdiction in that case, a procedural question that did not directly resolve the merits of the case. *See* Case No. 3:15-CV-00627 (VAB), Order at 13, ECF No. 40 ("Defendants' Motion to Dismiss, ECF No. 26, is **GRANTED** in its entirety, because the Court lacks personal jurisdiction over the Defendants."). This dismissal was without prejudice to Mr. Williams completing proper service within thirty (30) days of the Court's order of dismissal. *Id.* However, Mr. Williams failed to make proper service within the requisite time frame, thus the case was effectively terminated as of September 24, 2016, and this Complaint was initiated within one year of that termination.[5] Compl., ECF No. 1. Accordingly, Conn. Gen. Stat. § 52-592(a) covers Mr. Williams' claims under Sections 1983 and 1981, and those claims should not be dismissed on the basis of being duplicative.

The protections of Conn. Gen. Stat. § 52-592(a), however, do not apply to Mr. Williams' claims under Title VII. Title VII is a federal statute governed by a statute of limitations outlined in federal law. *See* 42 U.S.C. § 2000e-5(f)(1) (requiring Title VII actions to be brought "within ninety days after the giving of [a right-to-sue letter]"). Thus, Conn. Gen. Stat. § 52-592 cannot provide any protection to Mr. Williams' Title VII claims. Not only are these claims duplicative of the claims in Williams I, they are also time-barred, as explained in further detail below. Mr. Williams' Title VII claims should be dismissed accordingly.

---

[5] The Court did not formally close Williams I until June 27, 2017. However, in light of the Court's August 24, 2016 Order in that case, the case was effectively terminated as of September 24, 2016, Mr. Williams' deadline for completing service of Defendants. Thus, while the case remained open on the docket, the case was not "pending" as of the date of this action, as Mr. Williams could not have continued litigating his claims in the context of that case.

### b.     Timeliness of Title VII Claims

Defendants argue that Mr. Williams' race discrimination claims under Title VII are untimely, as the Complaint was not filed within ninety (90) days of the EEOC's issuance of a right-to-sue letter in this case. Def. Mem. in Supp. at 11, ECF No. 17-1; *see Francis v. Elmsford Sch. Dist.*, 442 F.3d 123, 124 (2d Cir. 2006) (affirming dismissal of Title VII claim as time-barred on the ground that plaintiff did not commence action within 90 days of receiving a right-to-sue letter); *see also Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) ("the 90–day limitations period set forth in 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that a right-to-sue letter is first received either by the claimant or by counsel, whichever is earlier.").

The EEOC issued Mr. Williams a right-to-sue letter on January 29, 2015. This case was not initiated until September of 2016, well after the ninety-day deadline following the right-to-sue letter. Compl., ECF No. 1. Williams I was initiated on April 28, 2015, 89 days after the issuance of the right-to-sue letter; however, as discussed above, Conn. Gen. Stat. § 52-592(a) cannot extend the statute of limitations for federal claims that have federal statutes of limitations. Accordingly, Mr. Williams' Title VII claims are untimely, and Defendants' motion to dismiss is granted with respect to these claims.[6]

### c.     Section 1981

In Count Two, Mr. Williams alleges race discrimination in violation of 42 U.S.C. § 1983, 1981 and 1988. Defendants argue that Mr. Williams' Section 1981 claim must be dismissed.

---

[6] Defendants also seek dismissal of individual components of Mr. Williams' Title VII claims, including (1) the Complaint's allegation that Defendants violated Title VII by engaging in "a pattern and practice of disparate treatment," Compl. ¶ 59, ECF No. 1; and (2) Mr. Williams' claims for equitable relief under Title VII. In light of the Court's determination that Mr. Williams' Title VII claims are barred as untimely, Defendants' motion to dismiss is appropriately granted on this basis, and Defendants' arguments with respect to individual components of Mr. Williams' Title VII claims are moot.

According to Defendants, Mr. Williams may not assert a separate claim against individual state actors in their individual capacity under 42 U.S.C. § 1981, as such claims can only be brought through 42 U.S.C. § 1983.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts … as is enjoyed by white citizens…." In *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701 (1989), the United States Supreme Court determined that the protections referenced in Section 1981 could only be enforced through Section 1983: "We hold that the express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Id.* at 735.

The Second Circuit has reaffirmed the Supreme Court's holding in *Jett* and has declined to take up Section 1981 claims separately from Section 1983 claims when those Section 1981 claims are brought against state actors. *See Gladwin v. Pozzi*, 403 F. App'x 603, 605 (2d Cir. 2010) ("[Plaintiff]'s § 1981 claims are encompassed by her § 1983 claims, and both are therefore analyzed under § 1983."); *Burbank v. Office of Atty. Gen. of Connecticut*, 240 F.Supp.2d 167, 174 (D. Conn. 2003) ("Some doubt had been cast on *Jett*'s viability by the addition in 1991 of subsection (c) to § 1981, which states that '[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law' … However, most courts have held that '[b]ecause Congress neither expressed its intent to overrule *Jett*, nor explicitly created a remedy against state actors in addition to § 1983, we are not willing to deviate from the Supreme Court's analysis of § 1981 in *Jett*.'") (quoting *Felton v. Polles*, 315 F.3d 470, 480–81 (5th Cir. 2002)).

It is not clear from the Complaint that Mr. Williams is asserting an independent cause of action under Section 1981 that is separate from his claims under Section 1983. *See* Compl. ¶¶ 65(a), 65(r) (referencing "rights secured to the Plaintiff by 42 U.S.C. § 1981 and enforced by 42 U.S.C. § 1983 *et seq.*). To the extent that Mr. Williams does seek to assert an independent claim under Section 1981, Defendants' motion to dismiss is granted with respect to this claim. All alleged violations of Section 1981 will be addressed exclusively through Mr. Williams' Section 1983 claim.

### d. Section 1988

The Complaint states that Mr. Williams is seeking "compensatory damages pursuant to 42 U.S.C. §§ 1981, 1983, and 1988…." Compl. at 17, ECF No. 1. Defendants seek to dismiss any claims alleged specifically under 42 U.S.C. § 1988, arguing that Section 1988 "provides no substantive rights" and cannot be used to allege a separate cause of action. Def. Mem. in Supp. at 16, ECF No. 17-1.

Section 1988 allows the Court, "in its discretion, [to] allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs" of bringing a lawsuit under Section 1983 or various other civil rights provisions. 42 U.S.C. § 1988(b). Defendants correctly note that Section 1988 allows for an entitlement to attorney's fees, *see Carter v. Inc. Vill. Of Ocean Beach*, 759 F.3d 159, 166 (2d Cir. 2014), and in their memorandum they note that they "do not dispute that if the Plaintiff prevails on his Title VII or Section 1983 claims, he would be a prevailing party entitled to attorneys' fees." Def. Mem. in Supp. at 17 n.1, ECF No. 17-1.

It is not clear from the Complaint whether Mr. Williams intends to assert an independent cause of action under Section 1988. To the extent that Mr. Williams' does so intend, any stand-

alone claims under Section 1988 are dismissed. To the extent that Mr. Williams seeks attorneys' fees as provided under Section 1988, however, these claims will remain.

## IV. CONCLUSION

Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Defendants' motion to dismiss under Rule 12(b)(1) on principles of claim preclusion is denied. All aspects of Mr. Williams' Title VII claim are dismissed. Any claims under Section 1981 that are alleged separately from claims under Section 1983 are dismissed, and any independent claims alleged under Section 1988 are also dismissed.

Mr. Williams' remaining claims under Section 1983 may proceed at this time. The stay of discovery in this matter, *see* Order, ECF No. 23, is hereby lifted.

SO ORDERED this 30th day of June, 2017, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE